**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION**

JESSICA SMITH, )
on behalf of plaintiff and a class, )
                                              )
                Plaintiff, )
                                              )
     v.                                            )
                                              )
SIMM ASSOCIATES, INC., )
                                              )
                Defendant. )

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.     Plaintiff Jessica Smith brings this action to secure redress from unlawful debt collection practices committed by defendant Simm Associates, Inc. ("SAI"). Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

2.     The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.     In enacting the FDCPA, Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4.     Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D. Ill. 2008).

5.     The FDCPA encourages consumers to act as "private attorneys general" to

1

enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## JURISDICTION AND VENUE

7. Subject matter jurisdiction exists under 15 U.S.C. §1692k, and 28 U.S.C. §§1331 and 1337.

8. Because defendant's collection activities occurred in this District, and because they do business here, personal jurisdiction and venue in this District is proper.

## PARTIES

9. Plaintiff Jessica Smith was a citizen of, and resided in Neenah, Wisconsin.

10. Defendant SAI is a Delaware corporation with principal offices at 800 Pencader Drive, Newark, DE 19702. It does business in Wisconsin. Its registered agent and office is Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717.

11. Defendant SAI is engaged in the business of a collection agency, using the mails and telephone system to collect debts allegedly owed to others.

12. Defendant SAI states on its web site that it was "established in 1991 as an accounts receivable management firm that has quickly grown into a highly respected and successful collection agency." (https://www.simmassociates.com/about-our-team-simm-associates/)

13. SAI is a "debt collector," as defined in 15 U.S.C. §1692a.

## FACTS

14. Defendant has been seeking to collect from plaintiff an alleged debt, incurred for personal, family or household purposes, and not for business purposes.

15. On or about February 23, 2017, SAI sent plaintiff a letter seeking to collect the debt. A copy of this letter is attached as Exhibit A.

16. Exhibit A is the initial letter plaintiff received from SAI regarding the debt.

17. On information and belief, Exhibit A is a form that SAI uses as the initial letter it

2

sends to collect a debt.

18. <u>Exhibit A</u> states that SAI's "client" is "PayPal Credit," and that the "original creditor" is Comenity Capital Bank.

19. Exhibit A does not clearly disclose who the current creditor or owner of the debt is.

20. SAI's "client" could be a servicer or other entity that is not the actual owner of the debt. Such arrangements are common in the debt collection industry.

### COUNT I – FDCPA – CLASS CLAIM

21. Plaintiff incorporates paragraphs 1-20.

22. 15 U.S.C. §1692g(a) establishes specific rules for initial communications by a debt collector to a consumer:

> **Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –**
>
> **(1)    the amount of the debt;**
>
> **(2)    the name of the creditor to whom the debt is owed;**
>
> **(3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
>
> **(4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
>
> **(5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. . . .**

23. 15 U.S.C. §1692e generally provides, for any collection attempt, that

> **a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

3

      (2)    The false representation of –

            (A)    the character, amount, or legal status of any debt... [or]

      (10)    **The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

24. Defendant violated 15 U.S.C. §§1692e and 1692g by failing to clearly disclose the current creditor or creditor of the debt.

25. This violation did not only occur with respect to plaintiff, but with respect to all other consumers who received a similar letter. There are at least hundreds of people in this situation, given the fact that debt portfolios are usually purchased in bulk and collected through the use of bulk form letters like that sent to plaintiff.

## CLASS ALLEGATIONS

26. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff seeks relief for a class.

27. The class includes (a) all individuals in Wisconsin, (b) who were sent a letter by SAI, (c) that disclosed someone as the "client" but not as the current creditor or owner of the debt (d) and whose letter were sent at any time between a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

28. On information and belief, based on the use of a form letter, the class is so numerous that joinder of all members is not practicable.

29. There are questions of law and fact common to the members of the class, which predominate over any questions relating to individual class members. The predominant common question is whether the collection letters discussed herein comply with the FDCPA.

30. Plaintiff's claim is typical of the claims of the members of the class, as it is based on the same facts and legal theories.

31. Plaintiff will fairly and adequately represent the class, and has retained counsel experienced in class actions and FDCPA litigation.

32. A class action is superior for the fair and efficient adjudication of this matter, in that (A) individual actions are not economically feasible, (B) members of the class are likely to

be unaware of their rights, and (C) Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, judgment in favor of plaintiff and the class should be given, awarding

    a.    Statutory damages,

    b.    Attorney's fees, litigation expenses and costs of suit, and

    c.    All other proper relief.

*s/ Heather B. Jones*
Daniel A. Edelman (IL Bar #00712094)
Francis R. Greene (IL Bar # 6272313)
Attorneys for Plaintiff
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
Telephone: (312) 739-4200
Facsimile: (312) 419-0379
Email address for service: courtecl@edcombs.com

Heather B. Jones (WI Bar # 1102133)
Philip D. Stern (NJ Bar # 045921984)
Andrew T. Thomasson (NJ Bar #048362011)
Attorneys for Plaintiff
STERN • THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1329
Telephone: (973) 379-7500
Facsimile: (973) 532-5868
E-Mail: heather@sternthomasson.com

T:\34031\Pleading\Complaint_Pleading.WPD

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with any plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiffs demand that defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

s/Daniel A. Edelman
Daniel A. Edelman