JESSICA SMITH,

        Plaintiff,

    v.                                   Case No. 17-C-769

SIMM ASSOCIATES, INC.,

        Defendant.

## DECISION AND ORDER

Plaintiff Jessica Smith alleges Defendant SIMM Associates, Inc. violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq. by sending Plaintiff a debt collection letter naming Defendant's client as PayPal Credit and the original creditor as Comenity Capital Bank. She asserts that the letter violates the FDCPA because it fails to identify the current creditor of the debt and falsely implies that Comenity Capital Bank transferred, sold, or assigned ownership of the debt to unknown creditors. Am. Compl. ¶¶ 16–27, ECF No. 21.

Plaintiff filed a motion for class certification on October 31, 2017. She proposes to represent a class consisting of "[a]ll persons with addresses in the State of Wisconsin to whom Simm Associates, Inc. mailed an initial written communication, between May 31, 2016 and June 21, 2017, which was not returned as undeliverable, and which identified 'Paypal Credit' as the 'Client' but not the current creditor or owner of the debt." Pl.'s Br. at 2, ECF No. 34. Defendant has since filed motions to strike certain filings submitted by Plaintiff. For the following reasons, Plaintiff's motion for class certification will be granted and Defendant's motions to strike will be denied.

## I. Motions to Strike

Defendant has filed two motions to strike certain documents submitted by Plaintiff. First, Defendant seeks to strike the declarations of Plaintiff and Plaintiff's counsel, which were attached to Plaintiff's reply brief in support of her motion for class certification. Defendant asserts the declarations provide new evidence for the court's consideration that should have been addressed in Plaintiff's initial brief. Plaintiff contends the declarations bolster her response to the arguments raised in Defendant's brief in opposition. "[W]here the reply affidavit merely responds to matters placed in issue by the opposition brief and does not spring upon the opposing party new reasons for [granting the motion], reply papers—both briefs and affidavits—may properly address those issues." *See Baugh v. City of Milwaukee*, 823 F.Supp. 1452, 1457 (E.D. Wis. 1993). Plaintiff properly submitted the declarations to strengthen the assertions contained in her motion and to respond to the weaknesses identified by Defendant. Accordingly, these documents will not be struck.

Second, Defendant requests that the court strike Plaintiff's notice of supplemental facts in support of her motion for class certification, which was filed after the motion for class certification was fully-briefed. In the alternative, Defendant requests an opportunity to respond to Plaintiff's supplemental facts. The court will deny Defendant's motion to strike and construe it as a response to Plaintiff's supplemental facts. Plaintiff asserts that during the deposition of Defendant's designated representative, which occurred after the close of briefing on the motion for class certification, she discovered new facts that controvert the assertions made in Defendant's brief. Defendant counters that its representative's testimony does not contradict the facts presented in the response brief when read in its entirety.

It appears Plaintiff relies on these supplemental facts to refute Defendant's assertion that, by listing both PayPal Credit and Comenity Capital Bank on the letter, unsophisticated consumers would be able to recognize the account and understand who they owe money to. Yet, this argument goes to the merits of the claim, which the court does not consider in addressing a motion for class certification. *See, e.g.*, *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 568 U.S. 455, 466 (2013) ("Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage."); *Schleicher v. Wendt*, 618 F.3d 679, 685 (7th Cir. 2010) ("Under the current rule, certification is largely independent of the merits . . . ."). Therefore, the court will only consider these facts to the extent they are needed to determine whether Plaintiff has satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure. The court will now turn to Plaintiff's motion for class certification.

## II. Motion to Certify Class

A plaintiff requesting class certification must satisfy the four prerequisites of Rule 23(a) as well as one of the provisions listed in Rule 23(b). *Oshana v. Coca–Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). Rule 23(a) requires that a plaintiff establish that "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). It is the plaintiff's burden to prove that class certification is warranted. *Oshana*, 472 F.3d at 513. Rule 23 is not a "mere pleading standard," *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) , and a plaintiff must prove each disputed requirement by a preponderance of the evidence. *Messner v. Northshore Univ. Health Sys.*, 669 F.3d 802, 811 (7th

Cir. 2012), *reh'g denied* (Feb. 28, 2012) (citing *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 202 (2d Cir. 2008)).

The four prerequisites of Rule 23(a)—numerosity, commonality, typicality, and adequate representation—are satisfied in this case. Defendant does not dispute that the proposed class includes 2,495 members. The Seventh Circuit has recognized that classes consisting of as few as forty members could satisfy numerosity. *Pruitt v. City of Chicago*, 472 F.3d 925, 926–27 (7th Cir. 2006); *Shields v. Local 705, Int'l Bd. of Teamsters Pension Plan*, 188 F.3d 895, 897 (7th Cir. 1999); *Swanson v. Am. Consumer Indus., Inc.*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969). Therefore, this class is sufficiently large to meet Rule 23(a)(1)'s numerosity requirement.

Rule 23(a)(2)'s commonality requirement is satisfied when a common issue of law or fact is "capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350. That is, a plaintiff must show that the class members "suffered the same injury." *Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 497 (7th Cir. 2012) (citation omitted). "[S]uperficial common questions—like whether . . . each class member suffered a violation of the same provision of law—are not enough." *Id.* at 497 (internal quotation marks omitted). "Common nuclei of fact are typically manifest where . . . the defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (citations omitted). Plaintiff's complaint alleges that the offending form letters Defendant mailed to the purported class members violate the FDCPA because they failed to identify the creditor of the debt it sought to collect. Am. Compl. ¶¶ 1, 36. This is sufficient to establish commonality.

4

The typicality requirement of Rule 23(a)(3) "primarily directs the district court to focus on whether the named representatives' claims have the same essential characteristics as the claims of the class at large." *De La Fuente v. Stokely–Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Id.* (citation omitted). Plaintiff's allegation that Defendant mailed the same allegedly offending form letter to the purported class members gives rise to each member's claim that Defendant violated the FDCPA. In short, Plaintiff meets the typicality requirement.

Finally, Rule 23(a)(4) requires that the class representatives "fairly and adequately protect the interests of the class." This prerequisite is directed at "concerns about the competency of class counsel and conflicts of interest" between the class and its representatives. *Dukes*, 564 U.S. at 349 n.5. In assessing adequacy, the court must consider whether the named Plaintiff "(1) has antagonistic or conflicting claims with other members of the class; (2) has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) has counsel that is competent, qualified, experienced and able to vigorously conduct the litigation." *Wahl v. Midland Credit Mgmt., Inc.*, 243 F.R.D. 291, 298 (N.D. Ill. 2007). The burden of establishing this standard is "not difficult." *Murray v. New Cingular Wireless Serv., Inc.*, 232 F.R.D. 295, 300 (N.D. Ill. 2005). Although Defendant does not dispute the adequacy of class counsel, it asserts Plaintiff has provided "no evidence to support the contention that she is an adequate class representative." Def.'s Br. at 3, ECF No. 40. It also asserts Plaintiff's "propensity to file for bankruptcy" raises concerns about her ability to adequately represent the class. *Id.* The fact that Plaintiff has filed for bankruptcy is not enough to warrant a finding that she is an inadequate class representative. *See Wilborn v. Dun & Bradstreet Corp.*, 180

F.R.D. 347, 355–57 (N.D. Ill. 1998); *Wanty v. Messerli & Kramer, P.A.*, No. 05-CV-0350, 2006 WL 2690176, at *2 (E.D. Wis. Sept. 19, 2006). There is no evidence of any conflicting interests Plaintiff may have with the class. Indeed, Plaintiff has the same interest as the class members in seeking relief from Defendant for its alleged violations of the FDCPA. Plaintiff has demonstrated a basic understanding of the underlying facts and a willingness and ability to participate in the suit. The court finds that Plaintiff is an adequate class representative.

Having met the four requirements of Rule 23(a) by a preponderance of the evidence, Plaintiff must satisfy at least one provision of Rule 23(b). Here, Plaintiff relies on Rule 23(b)(3), which requires that the court find "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." In deciding this issue, the court should consider "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3).

"[A] common question predominates over individual claims if 'a failure of proof on the common question would end the case' and the whole class 'will prevail or fail in unison.'" *Bell v. PNC Bank, Nat. Ass'n*, 800 F.3d 360, 378 (7th Cir. 2015) (quoting *Amgen*, 133 S. Ct. at 1191). The significant issue here—whether Defendant violated the FDCPA by sending template letters to the purported class without identifying the current creditor of the debt it sought to

collect—predominates over any individual questions of the class members. In short, Plaintiff has met her burden of establishing predominance under Rule 23(b).

As to superiority, Defendant maintains that a class action is not the superior method of litigating the issues presented here because Plaintiff arbitrarily limited her purported class. Specifically, Defendant argues that, rather than propose a class that includes all potential consumers who received an allegedly offending letter from Defendant regardless of the named creditor, Plaintiff limited the purported class to debtors who received a collection letter naming Comenity Bank as the original creditor. To be sure, courts have denied class certification when the plaintiff arbitrarily chooses to limit the class. *See, e.g.*, *Guevarra v. Progressive Financial Services, Inc.*, No. C-05-3466, 2006 WL 3613742 (N.D. Cal. Nov. 30, 2006) (holding that plaintiff's decision to limit her suit to IKEA debts so that she could pursue relief regarding non-IKEA debtors in a separate action failed to satisfy fairness and efficiency); *Wenig v. Messerli & Kramer P.A.*, No. 11-CV-3547, 2013 WL 1176062 (D. Minn. Mar. 21, 2013) (finding that limiting class to individuals in Hennepin County, Minnesota made "little sense" when defendant sent the same offending letter to approximately 30,000 Minnesota consumers). Yet, the purpose of the superiority analysis is to determine whether a class action is superior to all other available methods to adjudicate the controversy, not to decide whether the plaintiff could have proposed a larger, broader class to avoid the possibility of other, related class actions.

Even if the court were to consider this as a factor in its Rule 23 analysis, there is no evidence that, by limiting the proposed class to all Wisconsin consumers who received a letter listing Comenity Capital Bank as the original creditor, Plaintiff engaged in arbitrary gerrymandering in order to file multiple lawsuits based on the same underlying conduct. The Seventh Circuit has recognized that

7

a plaintiff is not required propose a class that includes all possible members when the case does not "present multiple or serial class actions to recover for the same misconduct." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 343–44; *see also McCurdy v. Prof'l Credit Serv.*, No. 6:15-cv-01498, 2016 WL 5853721 (D. Ore. Oct. 3, 2016) (noting class certification should not be denied "based on the mere possibility another class action will be filed"). Defendant has not identified any ongoing, related litigation regarding the offending letter Plaintiff challenges here. I therefore decline to deny class certification merely because Plaintiff's proposed class is limited to those individuals who received a collection letter regarding debts owed to Comenity Bank.

After considering the factors listed in Rule 23(b)(3), the court concludes a class action would promote the fair and efficient adjudication of the issue raised by Plaintiff in this case. "Rule 23(b)(3) was designed for situations such as this, in which the potential recovery is too slight to support individual suits, but the injury is substantial in the aggregate." *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 953 (7th Cir. 2006). A class action would be superior to the large number of individual lawsuits regarding the same legal issues and facts that would otherwise result. Accordingly, the court finds that Plaintiff has satisfied the superiority component of Rule 23(b)(3).

## CONCLUSION

Plaintiff has fulfilled the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. For the foregoing reasons, Plaintiff's motion for class certification (ECF No. 33) is **GRANTED**. The following class is hereby certified: "All persons with addresses in the State of Wisconsin to whom Simm Associates, Inc. mailed an initial written communication, between May 31, 2016 and June 21, 2017, which was not returned as undeliverable, and which identified 'Paypal

Credit' as the 'Client' but not the current creditor or owner of the debt." Defendant's motions to strike (ECF Nos. 44, 47) are **DENIED**.

It is further ordered that counsel of record for Plaintiff is appointed as class counsel. Within 30 days of this order, class counsel shall provide the court with a proposed notice to be provided to potential class members consistent with Federal Rule of Civil Procedure 23(c)(2)(B). Class counsel shall consult with Defendant before submitting the proposed notice.

Dated this  12th  day of January, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court