UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JESSICA SMITH,
on behalf of plaintiff and a class,

        Plaintiff,

    v.                                                      Case No. 17-C-769

SIMM ASSOCIATES, INC.,

        Defendant.

## DECISION AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Jessica Smith initiated this action on behalf of herself and a class of those similarly situated against Defendant Simm Associates, Inc., for violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (FDCPA). Smith alleges that Simm violated § 1692g(a) of the FDCPA by failing to disclose the current creditor's name in the required notice of debt it sent to her regarding her PayPal credit account at Comenity Capital Bank. Smith also alleges that the notice violated § 1692e of the FDCPA because it is false, deceptive, or misleading. Smith's motion to certify a Rule 23 class consisting of all persons to whom similar notices had been sent between May 31, 2016, and June 21, 2017, was granted, and the case is now before the court on cross motions for summary judgment. For the following reasons, Simm's motion for summary judgment will be granted and Smith's motion for partial summary judgment will be denied.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). The fact that the parties filed cross-motions for summary judgment does not alter this standard. In evaluating each party's motion, the court must "construe all inferences in favor of the party against whom the motion under consideration is made." *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 561–62 (7th Cir. 2002) (quoting *Hendricks-Robinson v. Excel Corp.*, 154 F.3d 685, 692 (7th Cir. 1998)). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

**UNDISPUTED FACTS**

Although Smith has filed objections to most of the exhibits attached to Simm's "Proposed Material Facts," Smith has admitted most of the facts proposed for purposes of the motion for summary judgment or has otherwise failed to place them in dispute. In any event, the following facts do not appear to be in dispute. Simm is a for-profit Delaware corporation primarily engaged in the collection of consumer debts. Smith, a private citizen residing in Neenah, Wisconsin, received a letter from Simm dated February 23, 2017, notifying her of an outstanding debt. The letter stated that Smith owed $484.28 on an account that was forwarded to Simm for collections. The letter identifies "PayPal Credit" as the "Client" and "Comenity Capital Bank" as the "Original Creditor." Simm listed both Comenity Capital Bank and PayPal on its letter because, while Comenity Capital

2

Bank is the actual creditor, the bank holds itself out as PayPal Credit in its transactions with consumers and thus most would be more familiar with the PayPal name. The letter offered several payment options in the event Smith did not dispute the validity or amount of the debt, and directed that any response and/or payments be directed to Simm. ECF No. 1-1.

Smith alleges that Simm violated §§ 1692g(a)(2) and 1692e of the FDCPA by failing to identify Comenity as the "current creditor" in its letter, instead of as the "original creditor." Although Comenity was both the original and the current creditor, Smith claims that the letter nevertheless violated § 1692g(a)(2) by failing to also expressly identify Comenity as the "current creditor." Smith further alleges that the letter violated § 1692e because it was false, deceptive or misleading. Ultimately, Smith and the class, numbering almost 2,500 individuals who received the form letter in the State of Wisconsin, seek statutory damages of up to $1,000 per person, plus attorney's fees and costs. 15 U.S.C. § 1692k(a).

## ANALYSIS

The FDCPA was enacted in response to evidence of the use of "abusive, deceptive, and unfair debt collection practices by many debt collectors" for the purpose of "eliminat[ing] abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(a), (e). "Among other things, the FDCPA regulates when and where a debt collector may communicate with a debtor, restricts whom a debt collector may contact regarding a debt, prohibits the use of harassing, oppressive, or abusive measures to collect a debt, and bans the use of false, deceptive, misleading, unfair, or unconscionable means of collecting a debt." *Gburek v. Litton Loan*

*Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010) (citing §§ 1692, 1692c–1692f). "To help accomplish that goal, § 1692g(a) provides that in either the initial communication with a consumer in connection with the collection of a debt or another written notice sent within five days of the first, a debt must provide specific information to the consumer." *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 320–21 (7th Cir. 2016).

Section 1692g sets forth mandatory information that a debt collector must provide in a written form to a debtor. The notice must contain, among other information, "the name of the creditor to whom the debt is owed." § 1692g(a)(2). "To satisfy § 1692g(a), the debt collector's notice must state the required information 'clearly enough that the recipient is likely to understand it.'" *Janetos*, 825 F.3d at 321 (quoting *Chuway v. Nat'l Action Fin. Servs.*, Inc., 362 F.3d 944, 948 (7th Cir. 2004)).

In deciding whether the collection letter violates § 1692g, the court must view the letter in the position of the "unsophisticated consumer." *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009); *Barnes v. Advanced Call Ctr. Techs., LLC*, 493 F.3d 838 (7th Cir. 2007). "While the unsophisticated debtor is considered 'uninformed, naive, or trusting,' he is nonetheless deemed to possess 'rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences.'" *Durkin v. Equifax Check Svs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (quoting *Fields v. Wilbur Law Firm, P.C.*, 383 F.3d 562, 564–66 (7th Cir. 2004)). The unsophisticated-debtor standard that this circuit has adopted is an objective one and is not the same as the rejected least-sophisticated-debtor standard that other courts apply. Accordingly, the Seventh Circuit disregards "unrealistic, peculiar, bizarre, and idiosyncratic interpretations of collection letters." *Id.* (citing *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir.

2000)). A mere claim of confusion is therefore not enough; a plaintiff must show that the challenged "language of the letters unacceptably increases the level of confusion." *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999).

At issue in this case is whether Simm's debt collection letter contained the name of the creditor to whom the debt was owed. It is undisputed that it did. The letter contained the name of Comenity Capital Bank, which is the creditor to whom the debt was owed at the time the letter was sent. Plaintiff contends, however, that because the letter listed Comenity as the "original creditor," as opposed to the "current creditor," it violated § 1692g because an unsophisticated consumer would not understand who the creditor is to whom the debt is owed. In fact, Plaintiff notes that Simm's own Rule 30(b)(6) witness testified that the letter did not identify the "current creditor." Pl.'s Mem. in Supp., ECF. No. 68, at 4. Plaintiff contends that the letter also failed to properly disclose the connection between Comenity and PayPal, which are technically separate entities.

Simm asserts that its notice complied with Section 1692g(a) because "it contained the name of the creditor to whom the debt is owed." Simm notes that Section 1692g(a)(2) requires that the notice contain the name of the current creditor, but does not specify the precise form the notice must take. Simm contends that its letter properly identified Comenity as Smith's creditor and also identified PayPal Credit, the name under which Smith's account was held, as Simm's client. The letter also contained the number of Smith's PayPal Credit account. By naming PayPal as well as Comenity, Simm contends that it complied not only with the letter of Section 1692g, but also its spirit because, while it was not required to name PayPal Credit, Smith would not have recognized the debt had it not done so. In fact, Simm argues, Smith herself has never even heard of Comenity Capital Bank and she admitted that, had she not seen PayPal listed on the letter, she would not have

5

known why she received the letter. Citing the district court's decision in *Maximiliano v. Simm Associates, Inc.*, No. 17-cv-80341, 2018 WL 783104 (S.D. Fla. Feb. 8, 2018), Simm asserts that its letter complied with Section 1692g(a)(2) and could not have confused an unsophisticated consumer.

The form letter at issue in *Maximiliano* is identical to the letter in the present case—Simm's letter identified the client as PayPal Credit and the original creditor as Comenity Capital Bank. *Id.* at *1. Just as in this case, the plaintiff alleged the letter violated §§ 1692g(a)(2) and 1692e because it failed to name the creditor to whom the debt is owed and used false, deceptive, or misleading representations. *Id.* The *Maximiliano* court found that Simm's demand letter left "no room for confusion in the eyes of the least sophisticated consumer." *Id.* at *5. It reasoned that by disclosing PayPal Credit as Simm's client, Comenity as the original creditor, the amount of the debt, and the PayPal Credit account number, Simm's letter allowed a consumer to easily identify the nature of the debt. The court therefore held that the letter, read in whole, properly identified the current creditor because the "least sophisticated consumer" is unlikely to know that Comenity is actually providing the credit line. *Id.* The court concluded that "from the perspective of the least sophisticated consumer receiving the demand letter at issue, Simm identified the name under which Comenity transacted business with PayPal Credit account holders, such as Plaintiff." *Id.*

I find the court's reasoning in *Maximiliano* persuasive. As already noted, "[t]o satisfy § 1692g(a), the debt collector's notice must state the required information 'clearly enough that the recipient is likely to understand it.'" *Janetos*, 825 F.3d at 321 (quoting *Chuway*, 362 F.3d at 948). Simm's letter did just that. It included the name "PayPal Credit" in its letter so that the debtor would recognize the debt. Section 1692g(a)(2) requires the notice to contain "the name of the creditor to whom the debt is owed," and Simm complied with that requirement as well. It listed "Comenity

6

Capital Bank" as "original creditor." The FDCPA does not require that the creditor to whom the debt is owed be labeled "current creditor." It simply requires the notice contain the "name of the creditor to whom the debt is owed." There is no dispute that Comenity Capital Bank was the creditor to whom the debt was owed when the letter was sent. The testimony of Simm's Rule 30(b)(6) witness was obviously directed to the fact that the letter did not use the term "current creditor," not that the creditor to whom the debt was owed was not named. The letter, read as a whole, is sufficiently clear that an unsophisticated consumer, as well as "the least sophisticated consumer" in *Maximiliano*, would understand it.

Smith relies heavily on *Janetos* to support her claim. But in *Janetos*, the letter did not identify the creditor to whom the debt was then owed as a creditor of any sort. The letter described Asset Acceptance, to whom the debt was then owed, as the "assignee of Ameristar." *Janetos*, 825 F.3d at 320. The letter further confused matters with a statement advising the consumer that "the above referenced account has been transferred from Asset Acceptance, LLC to Fulton, Friedman & Gullace, LLP." *Id.* The court held:

> These statements simply did not say who currently owned the debts. Instead, each recipient was left to guess who owned the debt following the "transfer" of the "account." On its face, then, the letter failed to disclose the information that § 1692g(a)(2) required.

*Id.* at 321.

Here, by contrast, the letter listed Comenity Capital Bank as the original creditor, not the assignee, a term an unsophisticated consumer would likely not understand. No other creditor was mentioned. The letter also explained that the account had been transferred to Simm "for collection" and instructed that all payments and communications were to be made to Simm.

7

The FDCPA is intended to protect consumers from abusive, unfair, and deceptive debt collection practices. There was nothing abusive, unfair, or deceptive about Simm's notice to Smith about her outstanding debt. The letter contained the name of the creditor to whom the debt was owed, and offered payment arrangements authorized by PayPal Credit, the name Smith was most likely to recognize as the source of the debt. I therefore conclude that Simm did not violate § 1692g. And because the letter did not violate § 1692g, it necessarily follows under the facts of the case that it did not violate § 1692e. *Janetos*, 825 F.3d at 322–23. Accordingly, Simm's motion for summary judgment as to both counts will be granted.

## CONCLUSION

For the foregoing reasons, Simm's motion for summary judgment (ECF No. 64) is **GRANTED** and Smith's motion for partial summary judgment as to liability (ECF No. 67) is **DENIED**. The Clerk is directed to enter judgment of dismissal in favor of Simm.

**SO ORDERED** this 30th day of September, 2018.

    /s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court